## GILDER v. STATE.
### No. 14849.

Court of Criminal Appeals of Texas.

Feb. 10, 1932.

W. O. Seale and W. S. Poston, both of Lufkin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

Our state's attorney calls attention to the fact that the statement of facts and bills of exception herein were filed 105 days after notice of appeal. In such state of the record we are not authorized to consider either. The indictment, the charge of the court, the judgment, and sentence appear regular.

No error appearing, the judgment will be affirmed.

## WILLITS v. STATE.
### No. 14837.

Court of Criminal Appeals of Texas.

Feb. 10, 1932.

Lamar Bethea, of Bryan, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for unlawfully·carrying a pistol; punishment, a fine of $100.

The prosecution is upon complaint and information. The complaint has no jurat of any officer·certifying that same was subscribed and sworn to before him. The complaint is fatally defective. The jurat of some officer authorized by law to administer oaths is necessary to verify the fact that the complaint was properly sworn to. Scott v. State, 9 Tex. App. 434; Robertson v. State, 25 Tex. App. 529, 8 S. W. 659; Stalcup v. State, 99 Tex. Cr. R. 415, 269 S. W. 1044.

The judgment will be reversed, and the prosecution ordered dismissed.

## CHERRY v. STATE.
### No. 14832.

Court of Criminal Appeals of Texas.

Feb. 10, 1932.

A. T. Folsom, of Wink, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The conviction is for simple assault; penalty assessed at a fine of $5.

The record is void of a statement of facts and bills of exception. No irregularity has been perceived in the procedure. Complaints of the insufficiency of the evidence and rulings of the court upon the admission or rejection of evidence are not available on appeal, in the absence of a statement showing the evidence that was before the court, either by bills of exception or statement of facts.

The judgment is affirmed.